507 P.2d 698

**Jose Louis APOLINAR, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**City of Prescott, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**Nos. 1 CA–IC 447, 1 CA–IC 744.**

Court of Appeals of Arizona, Division 1, Department A.

March 22, 1973.

———◆———

Morgan & Jerome, by Donald J. Morgan, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel State Compensation Fund by Courtney L. Varner, Phoenix, for respondent employer and respondent carrier.

STEVENS, Judge.

Jose Louis Apolinar, the petitioner, brings three awards to us for review, each award relating to a separate injury.[1] The injuries here in issue and their assigned claim numbers are: A left foot injury sustained on 12 May 1967, Claim No. BE 20946; a back injury sustained on 29 May 1967, Claim No. BE 22937; and a back injury sustained on 26 February 1968, Claim No. BG 7341. The awards with reference to the 1967 foot and back injuries are brought to us in our cause number 1 CA–

IC 447 and the award with reference to the 1968 back injury is brought to us in 'our cause number 1 CA–IC 744. A 1967 finger injury [See footnote No. 1] was not closed until after the 24 July 1968 amputation of a portion of the right ring finger and an award based upon a 100% loss of the use thereof. There is no review sought in that connection.

The petitioner began his employment with the respondent employer on 7 February 1957. He was employed in the garbage collection service which entailed heavy lifting. A 21 November 1967 medical consultation report contains the following:

"The patient states he cannot now lift a 200-pound garbage pail as easily as he used to."

Notwithstanding his injuries he lost little time from his employment, he being a man with a large family to support. His employment was terminated by the City of Prescott on 21 March 1969. The petitioner attributed his termination of employment to the fact that he sought a city job which entailed lighter work.

He lost some work time, for which he received the payment of compensation, following the surgery on his finger. Following the 1968 back injury he returned to work and then lost some employment time due to gallbladder surgery.

His back injuries were low back sprains and strains. X-rays taken in 1965 disclose an osteoarthritic condition in the low back. The final diagnosis of the attending physician in relation to the 1968 back injury was that the petitioner's arthritic back had been temporarily aggravated by the incident and that the condition had improved to the pre-injury level.

---

1. There is reference in the claims files to the following additional industrial claims all during the petitioner's employment with the respondent employer: 25 January 1963, a back injury; 7 December 1964, a broken leg; 30 July 1965, a back injury; 26 August 1965, a left foot injury; 24 April 1966, a finger injury; 26 April 1966, a finger injury; 22 November 1966, a left leg injury; and 21 February 1967, a finger injury. The file contains a copy of an award entered on 16 September 1966 denying a reopening of the 1963 back claim, the 1964 leg claim and the 1965 left foot claim.

There are two medical consultation board reports relative to the May 1967 foot problem and to the back problems. We quote that portion of the report relating to the foot:

"The apparent plantar fasciitis present in the left foot, as previously noted on two separate occasions by Dr. Lytton-Smith, still exists. It is the consultants' opinion that although this is not directly related to either of the three previous foot injuries, it may well be interfering somewhat with his work and again recommendation is made for Kylocaine and Steroid suspension injection into the plantar fascia origin from the os calcis. One or two injections will more than likely suffice to make this foot asymptomatic. It is the opinion of the consultants that the present foot complaint findings are in no way directed to any of the previous foot accidents."

The report states the following medical opinion as to the petitioner's February 1968 back injury:

"Insofar as this man's back injury of February 26, 1968 (BG 7341) is concerned, it is the opinion of the consultants that his condition is now stationary and he is no longer in need of further treatment or examination in this regard. There had been no disability sustained as a result of the back injury, and in this regard his case can be closed at this time without disability."

In relation to the May 1967 injury, the consultation report was limited to a reference to a previous medical consultation report wherein the examining doctors considered that the petitioner's back had become stationary by December 1967.

Following the termination of the petitioner's employment by the City of Prescott he obtained lighter work with a corresponding reduction in his income. This Court can sympathize with the petitioner's belief that since he no longer has the physical capacity for heavy labor, there must be some causal relationship to his employment which would be compensable. The questions before us are medical questions. The Industrial Commission adopted and followed the medical testimony finding an absence of any permanent unscheduled disability causally related to the petitioner's employment with the City of Prescott.

The awards, which are the subject of this review, are sustained by the evidence and are,

Affirmed.

DONOFRIO, Presiding Judge, Department A, and HAIRE, J., concur.